NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1023
_____

UNITED STATES OF AMERICA

v.

RASSOL CHINA,
                                    Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-15-cr-00203-002
District Judge: The Honorable Jose L. Linares

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 29, 2016

Before: AMBRO, SMITH, and FISHER, *Circuit Judges*

(Filed: October 4, 2016)

_____

OPINION[*]
_____

SMITH, *Circuit Judge.*

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

A grand jury in the District of New Jersey returned an indictment against Rassol China and four other individuals, charging China with conspiring to distribute heroin in violation of 21 U.S.C. § 846 and distribution of heroin in violation of 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 2. These charges were filed after the police knocked and announced themselves at a heroin operation in a third floor apartment, prompting China and three others to jump out of the apartment window (the police apprehended the fifth individual before they entered the apartment building). China apparently fractured his heels in the jump, but nonetheless was able to reach his car, drive directly toward a law enforcement officer, almost hitting him, and elude capture. Law enforcement subsequently apprehended China in the hospital where he was receiving treatment.

Thereafter, China pleaded guilty pursuant to a written plea agreement that included an appellate waiver. A presentence report was prepared, which determined that China was a career offender because of multiple controlled substance convictions. *See* U.S.S.G. § 4B1.1. Although China initially challenged the applicability of the career offender enhancement, defense counsel withdrew that challenge at sentencing. The enhancement resulted in an offense level of 34 and a criminal history category of VI, yielding an advisory Guideline range of 262

to 327 months.[1]   The District Court sentenced China to 262 months of imprisonment.

This timely appeal followed.[2]   Counsel submitted an *Anders* brief and a motion seeking to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738, 744 (1967).   After reviewing the *Anders* brief, we are satisfied that counsel "thoroughly examined the record in search of appealable issues" and adequately "explain[ed] why the issues are frivolous."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

China's guilty plea limited the issues he could challenge on appeal to whether he could be haled into court on the charges in the indictment, the validity of his guilty plea, and the legality of the sentence imposed.  *See United States v. Broce*, 488 U.S. 563, 570-75 (1989).   Counsel explained at length that the guilty plea colloquy largely complied with the requirements of Federal Rule of Criminal Procedure 11(b).   Counsel appropriately noted that the colloquy did not advise China, contrary to Rule 11(b)(1)(H)'s directive, of the maximum possible penalty of life imprisonment.  This omission, counsel explained, would not warrant setting aside China's conviction because plain error review applied under *United States v.*

---

[1] Before the PSR applied the career offender enhancement, China's offense level, without the acceptance of responsibility adjustment, was 32 and his criminal history category was VI.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231.   We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

*Vonn*, 535 U.S. 55, 59 (2002), and the error did not affect China's substantial rights as the plea agreement explicitly set out the minimum and maximum sentence at play. The government agreed that China was well aware of the statutory maximum of life imprisonment, noting it was set forth in his plea agreement, as well as in a document entitled "Application for Permission to Enter Plea of Guilty" that China signed after reviewing it with counsel. We agree that this omission in the plea colloquy did not affect China's substantial rights.

Defense counsel also recognized in the *Anders* brief that China's plea agreement contained an appellate waiver. The government acknowledged that the colloquy with regard to the appellate waiver was deficient in certain respects and elected not to enforce the waiver.[3] Because the government did not invoke the appellate waiver, we need not examine whether the waiver was valid and bars our review. *See United States v. Goodson*, 544 F.3d 529, 535 (3d Cir. 2008). We note, however, that even if the appellate waiver were unenforceable, that would result in setting aside only the waiver (not the District Court's judgment) and removing any bar to our review. *Id.* at 541.

Having concluded there is no basis for setting aside China's guilty plea, we turn to the legality of China's sentence, which is reviewed for an abuse of

---

[3] Indeed, China's pro se submission, which he filed pursuant to Third Circuit L.A.R. 109.2(a), also notes there was error in the District Court's review of the terms of the appellate waiver.

discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). We conclude that the District Court did not abuse its discretion in sentencing China to 262 months of imprisonment.

Counsel noted that the District Court arguably erred in applying an enhancement for obstruction of justice under U.S.S.G. § 3C1.2 because that enhancement was not contemplated as part of the plea agreement.[4] Nonetheless, counsel acknowledged that application of this enhancement does not entitle China to relief. We agree. The § 3C1.2 obstruction of justice enhancement affected only the total offense level of 32, which was rendered inoperative once it was determined that the offense level from the career offender table was "greater than the offense level otherwise applicable." U.S.S.G. § 4B1.1(b). Thus, the District Court did not err in calculating the Guideline range under the career offender guideline. Nor do we discern any procedural error as there were no motions by China for the District Court to rule upon and the Court fully considered the argument for a downward variance. The within-Guideline sentence, given the Court's explanation for the sentence imposed, was not substantively unreasonable.

_____

[4] We note that China's pro se submission also took issue with the propriety of the obstruction of justice enhancement. In his view, application of the enhancement constituted a breach of the plea agreement. Because it is the District Court that determines the applicable Guideline range, the government did not breach the plea agreement. Indeed, the plea agreement advised that "[t]he sentence to be imposed . . . is within the sole discretion of the sentencing judge" and that the prosecution was not making "any representation or promise as to what guideline range may be found by the sentencing judge."

5

For the reasons set forth above, we will affirm the judgment of the District Court. Because our own independent review of the record fails to reveal any nonfrivolous issues for appeal, we will grant counsel's motion to withdraw and affirm the judgment of the District Court. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. L.A.R. 109.2(b).